UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:17-cv-08977-CAS (KSx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | DAVID MUHAMMAD V. TARGET CORP. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Russell Behjatnia                              R. Derek Classen

**Proceedings:**    DEFENDANTS' MOTIONS IN LIMINE (Dkts. [ 36 ], [ 37 ], [ 38 ], filed on December 28, 2018)

## I.    INTRODUCTION AND BACGROUND

On October 10, 2017, plaintiff David Muhammad ("Muhammad") filed this action against defendant Target Corporation ("Target") in the Los Angeles Superior Court.  Dkt. 1, Ex. A ("Compl.").  Defendant removed the action to this Court on the basis of diversity.  Dkt. 1 ("Removal Not.") ¶ 3.  Plaintiff alleges that he was injured while riding an escalator on defendant's premises, and plaintiff claims that defendant should be held liable under premises liability and general negligence.  Compl. ¶¶ 9, 18.

Defendant Target Corporation filed three motions in limine on December 28, 2018. Dkts. 36 ("MIL 1"), 37 ("MIL 2"), 38 ("MIL 3").  Due to mediation attempts by the parties, the hearing on these motions was continued to May 13, 2019.  On May 9, 2019, plaintiff filed an opposition to defendants' first motion in limine.  Dkt. 54 ("Opp'n").

The Court held a hearing on May 13, 2019.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARDS

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence."  Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013).  Trial courts have broad discretion when ruling on such motions.  See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002).  Moreover, such rulings are provisional and "not binding on the trial judge" on the court.  Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be

admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. DISCUSSION

### A. Defendant's Motion in Limine 1

Defendant moves to preclude plaintiff from calling any expert witness to testify at trial. Defendant argues that its motion should be granted because plaintiff failed to provide timely expert disclosures, and because, when plaintiff ultimately filed a "Designation of Expert, Supplemental"—on September 21, 2018, two weeks after the date by which the parties were required to exchange expert reports, see dkt. 15 ("Sched. Order")—plaintiff failed to identify any witnesses by name. MIL 1 at 3. Instead, plaintiff stated that,

> Plaintiff(s) may call any or all of the prior or subsequent treating physicians and/or any and all healthcare professionals who, although they may be percipient witnesses and have not been formally retained as experts, may also be asked to render expert testimony. These individuals may be asked to testify concerning any and all aspects of the case including the issues of standard of practice, causation and damages.

MIL 1, Ex. A. at 1–2. Plaintiff further stated that he "may ask expert witness questions of any percipient and/or expert witnesses called by any party at trial." Id. at 2. At the time defendant filed its motion in limine, defendant argued that it was prejudiced by plaintiff's failure to identify witnesses because defendant was unable to determine whether a deposition was necessary. MIL 1 at 5.

On January 7, 2019, plaintiff filed his witness list for trial. Dkt. 43 ("Wit. List"). Plaintiff identified fifteen clinicians who allegedly treated plaintiff. Id. The capacity in which these witnesses will testify is not specified, nor is the subject matter of their testimonies. However, at oral argument, plaintiff argued that he has disclosed the subject matter about which the treating physicians will testify during discovery. Opp'n at 2.[1]

---

[1]    The Court reviews plaintiff's opposition brief, notwithstanding the fact that the opposition was due no later than April 29, 2019, and plaintiff filed his brief on May 9, 2019. See L.R. 7-9. The Court admonishes the parties to abide by the deadlines established by the Local Rules, and reminds the parties that "[t]he failure to file any

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:17-cv-08977-CAS (KSx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | DAVID MUHAMMAD V. TARGET CORP. | | |

The Court has no record of these disclosures. Plaintiff further argues that, pursuant to his Designation of Experts, cited above, "treating physicians will be asked to testify concerning any and all aspects of the case, including issues of standard of practice, causation and damages." Id.

The Ninth Circuit has made clear that, "[t]he medical opinion of a treating physician is entitled to special weight." Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (citing Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988)). Additionally, a treating clinician may "testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report" under Federal Rule of Civil Procedure 26(a)(2)(B). Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 819 (9th Cir. 2011). However, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." Id. at 826; see also Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998) ("The majority of other courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment."). In addition, a treating physician must still comply with the requirements of Rule 26(a)(2)(C). See Cantu v. United States, No. 14-CV-00219-MMM (JCGx), 2015 WL 12743881, at *3 (C.D. Cal. Apr. 6, 2015); Cars 4 Causes, v. Works of Life Int'l Ministries, Inc., No. 11-CV-10315-VAP (PLAx), 2014 WL 12740310, at *2 (C.D. Cal. Mar. 7, 2014) ("Rule 26(a)(2)(C) governs the disclosure of expert witnesses who are not required to provide a written report for their testimony."). Under Rule 26(a)(2)(C), a party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Proc. 26(a)(2)(C).

Where a party fails to abide by its discovery disclosure obligations, that "information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and

required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Id. 7-12.

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:17-cv-08977-CAS (KSx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | DAVID MUHAMMAD V. TARGET CORP. | | |

(4) bad faith or willfulness involved in not timely disclosing the evidence." <u>Lanard Toys Ltd. v. Novelty, Inc.</u>, 375 Fed. App'x. 705, 713 (9th Cir. 2010) (citing <u>David v. Caterpillar, Inc.</u>, 324 F.3d 851, 857 (7th Cir. 2003) ). "[T]he burden is on the party facing sanctions to prove harmlessness." <u>Yeti by Molly</u>, 259 F.3d at 1107. The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." <u>Id.</u> at 1106.

Plaintiff has not heretofore complied with Rule 26(a)(2)(C). His witness list, disclosed on January 7, 2019, was provided after the expert discovery deadline, and it does not identify the subject matter about which the treating physicians will testify. Notwithstanding this fact, the Court declines to summarily exclude plaintiff's treating physicians. As discussed at the hearing on May 13, 2019, plaintiff will specifiy which, of the fifteen treating clinicians already named, he will call to testify at trial. In addition, plaintiff will disclose the subject matter about which these clinicians will testify, in order to comply with Rule 26(a)(2)(C). The Court will not permit cumulative testimony.

Defendant has argued that it has been prejudiced because plaintiff was delayed in disclosing the identities of plaintiff's expert witnesses, and because defendant is unaware of the subject matter about which these witnesses will testify. Defendant contends that it could not determine whether depositions of plaintiff's experts were necessary. MIL 1 at 5. As discussed at oral argument, to cure the prejudice that defendant claims to have suffered, defendant will have the opportunity to depose plaintiff's expert witnesses after plaintiff discloses who he will call to testify.

Finally, with regard to plaintiff's assertion that he "may ask expert witness questions of any percipient and/or expert witnesses called by any party at trial," MIL 1, Ex. A. at 2, the Court advises the parties that Federal Rules of Evidence 701 and 702 will govern which witnesses may testify as to expert issues, and which witnesses may only testify as to matters within their own personal knowledge. Defendant's first motion in limine is therefore **DENIED** without prejudice to renewal. Plaintiff will submit his amended expert disclosures by **May 20, 2019**.

## B.    Defendant's Motion in Limine 2

Defendant also moves to exclude at trial any evidence of, or testimony regarding, medical costs or damages that are greater than the amounts paid by plaintiff or his insurers. MIL 2 at 6. Defendant further seeks to preclude plaintiff from "recovering damages beyond what was actually paid" by plaintiff or his insurers. This motion is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:17-cv-08977-CAS (KSx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | DAVID MUHAMMAD V. TARGET CORP. | | |

unopposed, and at oral argument, defendant clarified that this motion did not pertain to damages for emotional distress. Accordingly, this motion is **GRANTED**.

### C.     Defendant's Motion in Limine 3

In defendant's third and final motion in limine, defendant moves to exclude all medical bills, which are not used to corroborate the testimony of a witness with personal knowledge concerning the amounts incurred and paid, on the basis that those bills are inadmissible hearsay. MIL 3 at 3. This motion is unopposed. The Court therefore **GRANTS** defendant's third motion in limine.

## IV.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** without prejudice to renewal defendant's motion to exclude plaintiff's treating physicians. Plaintiff will submit his amended expert disclosures by **May 20, 2019**. The Court **GRANTS** defendant's motion to exclude at trial any evidence of, or testimony regarding, medical costs or damages that are greater than the amounts paid by plaintiff or his insurers. In addition, the Court **GRANTS** defendant's motion to exclude all medical bills, which are not used to corroborate the testimony of a witness with personal knowledge concerning the amounts incurred and paid.

IT IS SO ORDERED.

|  | 00 | : | 22 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |